WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Westley Tate Jr., | No. CV-19-00276-PHX-ESW |
| Plaintiff, | **ORDER** |
| v. | |
| Acting Commissioner of the Social Security Administration, | |
| Defendant. | |

Pending before the Court is John Westley Tate Jr.'s ("Plaintiff") appeal of the Social Security Administration's ("Social Security") denial of his application for disability insurance benefits. The Court has jurisdiction to decide Plaintiff's appeal pursuant to 42 U.S.C. § 405(g). Under 42 U.S.C. § 405(g), the Court has the power to enter, based upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing. Both parties have consented to the exercise of U.S. Magistrate Judge jurisdiction. (Doc. 10).

After reviewing the Administrative Record ("A.R.") and the parties' briefing (Docs. 13, 14, 15), the Court finds that the Administrative Law Judge's ("ALJ") decision contains harmful legal error. For the reasons explained in Section II below, the decision

is reversed and the case is remanded to the Commissioner of Social Security for an immediate award of benefits.

## I. LEGAL STANDARDS

### A. Disability Analysis: Five-Step Evaluation

The Social Security Act (the "Act") provides for disability insurance benefits to those who have contributed to the Social Security program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1). To be eligible for benefits based on an alleged disability, the claimant must show that he or she suffers from a medically determinable physical or mental impairment that prohibits him or her from engaging in any substantial gainful activity. 42 U.S.C. § 423(d)(1)(A). The claimant must also show that the impairment is expected to cause death or last for a continuous period of at least 12 months. *Id.*

To decide if a claimant is entitled to Social Security benefits, an ALJ conducts an analysis consisting of five questions, which are considered in sequential steps. 20 C.F.R. § 404.1520(a). The claimant has the burden of proof regarding the first four steps:[1]

> **Step One**: Is the claimant engaged in "substantial gainful activity"? If so, the analysis ends and disability benefits are denied. Otherwise, the ALJ proceeds to step two.
>
> **Step Two:** Does the claimant have a medically severe impairment or combination of impairments? A severe impairment is one which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied at this step. Otherwise, the ALJ proceeds to step three.
>
> **Step Three:** Is the impairment equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity? 20

---

[1] *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

C.F.R. § 404.1520(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the ALJ proceeds to the fourth step of the analysis.

**Step Four:** Does the impairment prevent the claimant from performing work which the claimant performed in the past? If not, the claimant is "not disabled" and disability benefits are denied without continuing the analysis. 20 C.F.R. § 404.1520(f). Otherwise, the ALJ proceeds to the last step.

If the analysis proceeds to the final question, the burden of proof shifts to the Commissioner:[2]

**Step Five:** Can the claimant perform other work in the national economy in light of his or her age, education, and work experience? The claimant is entitled to disability benefits only if he or she is unable to perform other work. 20 C.F.R. § 404.1520(g). Social Security is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's residual functional capacity, age, education, and work experience. *Id*.

### B. Standard of Review Applicable to ALJ's Determination

The Court must affirm an ALJ's decision if it is supported by substantial evidence and is based on correct legal standards. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). "Substantial evidence" is less than a preponderance, but more than a "mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*.

In determining whether substantial evidence supports the ALJ's decision, the Court considers the record as a whole, weighing both the evidence that supports and

---

[2] *Parra*, 481 F.3d at 746.

detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ, not the Court, is responsible for resolving conflicts and ambiguities in the evidence and determining credibility. *Magallanes*, 881 F.2d at 750; *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Finally, the Court considers the harmless error doctrine when reviewing an ALJ's decision. An ALJ's decision need not be remanded or reversed if it is clear from the record that the error is "inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted); *Molina*, 674 F.3d at 1115 (an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error "does not negate the validity of the ALJ's ultimate conclusion") (citations omitted).

## II. PLAINTIFF'S APPEAL

### A. Procedural Background

Plaintiff, who was born in 1956, has experience working as a psychiatric technician. (A.R. 47, 61). This action concerns Plaintiff's July 9, 2013 application for disability insurance benefits. (A.R. 184-85). Plaintiff's application alleged that on September 17, 2012, he became unable to work due to "displaced discs in his back that are pushing on his spine," chronic pain, nerve pain, numbness/tingling on left side of body, headaches, trouble sleeping, body sweats, limited mobility, "trouble walking," and muscle spasms. (A.R. 66-67). Social Security denied the application. (A.R. 92-96). In May 2014, upon Plaintiff's request for reconsideration, Social Security affirmed the denial of benefits. (A.R. 100-02). Plaintiff sought further review by an ALJ, who conducted a hearing on November 12, 2015. (A.R. 39-63).

In a November 30, 2015 decision, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. (A.R. 22-33). On November 13, 2018, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Social Security Commissioner. (A.R. 1-6). On January 16, 2019, Plaintiff filed a Complaint (Doc. 1) requesting judicial review and reversal of the ALJ's decision.

### B. The ALJ's Application of the Five-Step Disability Analysis

#### 1. Step One: Engagement in "Substantial Gainful Activity"

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since September 17, 2012, the alleged disability onset date. (A.R. 24). Neither party disputes this determination.

#### 2. Step Two: Presence of Medically Severe Impairment/Combination of Impairments

The ALJ found that Plaintiff has the following severe impairments: (i) disorder of the back with sciatica and radiculitis; (ii) recent spinal cord nerve stimulator transplant; and (iii) diabetes mellitus. (A.R. 24). This determination is undisputed.

#### 3. Step Three: Presence of Listed Impairment(s)

The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Social Security regulations. (A.R. 25). Neither party challenges the ALJ's determination at this step.

#### 4. Step Four: Capacity to Perform Past Relevant Work

The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), subject to the following limitations:
> [Plaintiff] can occasionally lift 20 pounds; frequently lift 10 pounds. He does not have limitations for standing or walking; he does not need to use an ambulatory device for assistance in walking; no limitations for sitting; seeing hearing and speaking unlimited; climbing ramps and stairs no

> limitations; climbing ladders, ropes or scaffolds no limitations, stooping occasionally. Kneeling, crouching, crawling, reaching, handling, finger, and feeling no limitations. No limitations working around heights, moving machinery, extreme temperatures, around chemicals, dust/fumes or gases, or excessive noise.

(A.R. 26).

Based on the assessed RFC and testimony of the Vocational Expert ("VE") at the administrative hearing, the ALJ concluded that Plaintiff is unable to perform his past relevant work. (A.R. 31). Plaintiff disputes this determination, asserting that the ALJ improperly adopted the opinion of the agency consultative examiner and improperly discounted his testimony regarding his symptoms.

### 5. Step Five: Capacity to Perform Other Work

At the administrative hearing, the VE testified that based on Plaintiff's RFC, Plaintiff would be able to perform the requirements of representative occupations such as social service aide, pre-parole aid, and eligibility worker. (A.R. 32). The ALJ found that the VE's testimony was consistent with the information in the Dictionary of Occupational Titles and that the jobs identified by the VE existed in significant numbers in the national economy. (*Id.*). After considering the VE's testimony, Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff can make a successful adjustment to other work and is therefore not disabled. (*Id.*). Plaintiff disputes this finding.

### C. The ALJ Failed to Provide Specific, Clear, and Convincing Reasons for Rejecting Plaintiff's Testimony Regarding his Symptoms

When evaluating the credibility of a plaintiff's testimony regarding subjective pain or symptoms, the ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). In the first step, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The plaintiff does not have to show that the impairment could reasonably be expected to cause the severity of the symptoms. Rather,

a plaintiff must only show that it could have caused some degree of the symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

If a plaintiff meets the first step, and there is no affirmative evidence of malingering, the ALJ can only reject a plaintiff's testimony about the severity of his or her symptoms by offering specific, clear, and convincing reasons. *Lingenfelter*, 504 F.3d at 1036. The ALJ cannot rely on general findings. The ALJ must identify specifically what testimony is not credible and what evidence undermines the plaintiff's complaints. *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010). In weighing a plaintiff's credibility, the ALJ can consider many factors including: a plaintiff's reputation for truthfulness, prior inconsistent statements concerning the symptoms, unexplained or inadequately explained failure to seek treatment, and the plaintiff's daily activities. *Smolen*, 80 F.3d at 1284; *see also* 20 C.F.R. § 404.1529(c)(4) (Social Security must consider whether there are conflicts between a claimant's statements and the rest of the evidence).

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms, but concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (A.R. 27). As discussed below, the ALJ committed harmful error in discounting Plaintiff's symptom testimony.

In explaining why he found Plaintiff's testimony not credible, the ALJ first stated that the medical evidence supports that "the claimant would have some limitations in sitting, standing, walking, reaching, and lifting but not to the severity as alleged by the claimant." (A.R. 27). The ALJ then recounted some of the medical findings from Plaintiff's examinations, including the various magnetic imaging resonance ("MRI") studies that showed abnormalities in Plaintiff's spine. (A.R. 27-28). Based on the medical records reviewed, the ALJ stated: "in giving the claimant the benefit of the doubt the undersigned finds that the claimant would have some limitations secondary to his

back impairment and has, limited the claimant to a range of light work." (A.R. 28). Because it is beyond the scope of the ALJ's authority to insert his or her interpretation of testing results in place of an examining physician's opinion, the ALJ's first reason for discounting Plaintiff's symptom testimony is not clear and convincing. *See Rawa v. Colvin*, 672 F. App'x 664, 667 (9th Cir. 2016) ("It is beyond the scope of the ALJ's authority to offer such a medical opinion based solely on his own personal speculation."); *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("[J]udges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor. The medical expertise of the Social Security Administration is reflected in regulations; it is not the birthright of the lawyers who apply them. Common sense can mislead; lay intuitions about medical phenomena are often wrong.") (citations omitted).

As another reason for discounting Plaintiff's symptom testimony, the ALJ stated that "the claimant's back impairment appears to have responded well to treatment." (A.R. 28). This is not a valid reason for discounting Plaintiff's testimony as the ALJ's decision does not discuss how the medical improvement would allow Plaintiff to return to work. The Court cannot speculate as to the grounds for an ALJ's conclusion. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) ("[W]e cannot substitute our conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions. Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence.") (quoting *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1103 (9th Cir. 2014)).

> The ALJ's decision also concludes that Plaintiff's activities of daily living are also not as limited as one would expect given his allegations of disabling symptoms. As noted in the records the claimant reported that he is able to prepare simple meals, do light household chores, and drive (Ex. 2E/4-5). The undersigned does note that the claimant does have some difficulty doing household chores secondary to pain and

> not being able to carry heavy objects. The undersigned has
> acknowledged these limitations and has accounted for them in
> the RFC limiting the claimant to light work.

(A.R. 29). "[D]isability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick*, 157 F.3d at 722. The ALJ's decision does not adequately explain how Plaintiff's daily activities translate to the ability to sustain competitive employment on a full-time basis. *See Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) (stating that the Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day").

As further explanation for why the ALJ did not find Plaintiff's symptom testimony credible, the ALJ stated:
> Also detracting from the claimant's credibility is his
> inconsistent statement regarding the use of an assistive
> device. When the claimant filed for disability, he reported
> that he needed a cane to ambulate (Ex. 2E/8). However, at
> the hearing the claimant testified that he does not need a cane
> to ambulate (Claimant's Testimony). Although the
> inconsistent information provided by the claimant may not be
> the result of a conscious intention to mislead, nevertheless the
> inconsistencies suggest that the information provided by the
> claimant generally may not be entirely reliable.

(A.R. 29). At the hearing, the ALJ asked Plaintiff "Do you require either a cane or a walker to walk?" Plaintiff answered in the negative. (A.R. 54). In his Opening Brief, Plaintiff correctly recounts that his July 2013 Function Report states that he will use a cane "if he goes out of the house and thinks that he will need the support." (A.R. 220). Plaintiff did not report that he *required* a cane or walker to walk. The Court does not find that Plaintiff's statements concerning the use of a cane provide a sufficient sole reason for discounting his symptom testimony.

"The clear and convincing standard is the most demanding required in Social Security cases." *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002). "Sheer disbelief" of the severity of a claimant's symptoms "is no substitute for substantial evidence." *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004). The Court finds that the ALJ failed to provide specific, clear, and convincing reasons supported by substantial evidence for discounting Plaintiff's symptom testimony regarding his impairments.

### E. The Case Will Be Remanded for Further Proceedings

Ninth Circuit jurisprudence "requires remand for further proceedings in all but the rarest cases." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014). The Ninth Circuit, however, has adopted a test to determine when a case should be remanded for payment of benefits in cases where an ALJ has improperly rejected claimant testimony or medical opinion evidence. *Id.* at 1100-01; *Garrison*, 759 F.3d at 1020. This test is commonly referred to as the "credit-as-true" rule, which consists of the following three factors:

1. Has the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion? *Treichler*, 775 F.3d at 1100-01.

2. Has the record been fully developed, are there outstanding issues that must be resolved before a disability determination can be made, or would further administrative proceedings be useful? *Id.* at 1101. To clarify this factor, the Ninth Circuit has stated that "[w]here there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Id.*

3. If the improperly discredited evidence were credited as true, would the ALJ be required to find the claimant disabled on remand? *Id.*; *Garrison*, 759 F.3d at 1020.

Where a court has found that a claimant has failed to satisfy one of the factors of the credit-as-true rule, the court does not need to address the remaining factors.

*Treichler*, 775 F.3d at 1107 (declining to address final step of the rule after determining that the claimant has failed to satisfy the second step). Moreover, even if all three factors are met, a court retains the discretion to remand a case for additional evidence or to award benefits. *Id.* at 1101-02. A court may remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021. In *Treichler*, the Ninth Circuit noted that "[w]here an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." 775 F.3d at 1105.

After examining the record, the Court finds no outstanding issues of fact to be resolved through further proceedings. Plaintiff testified that as a result of his medication, he lies down for two to three hours in the middle of the day. (A.R. 57). At the administrative hearing, the VE testified that an individual could not retain competitive employment if the individual would be off-task at least twenty percent of the workday. (A.R. 63). The VE's testimony establishes that if Plaintiff's testimony was credited-as-true, the ALJ would be required to find that Plaintiff is disabled. The Court does not find any material evidence in the record that creates serious doubt that Plaintiff is in fact disabled. Therefore, based on the record, the Court finds it inappropriate to remand the case for further proceedings. *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal, should not have another opportunity to show that Moisa is not credible any more than Moisa, had he lost, should have an opportunity for remand and further proceedings to establish his credibility.") (citation omitted). The Court will remand the case for an immediate award of benefits effective September 17, 2012 (the disability onset date).

## III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** reversing the decision of the Commissioner of Social Security and remanding this case to the Commissioner for an immediate award of benefits effective September 17, 2012.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly.

Dated this 26th day of September, 2019.

Honorable Eileen S. Willett
United States Magistrate Judge